■ NEW YORK HIGHER EDUCATION ASSISTANCE CORPORATION, Appellant, v. FRANK L. MALLARE, Respondent.— STALEY, JR., J. Appeal from an order of Special Term, Albany County, denying plaintiff's motion for summary judgment. The plaintiff seeks to recover on a promissory note in the sum of $3,000 made on March 24, 1964, and assigned to the plaintiff by the Chautauqua National Bank of Jamestown on May 24, 1965. The complaint alleges that the note is due and payable which the answer denies. The loan to the defendant was made pursuant to the New York Higher Education Assistance Corporation Law, contained in article 14 of the Education Law. The defendant borrowed a total of $3,000, commencing with an original loan of $500 on September 17, 1958, and a final loan of $1,000 on October 20, 1960. A renewal note, combining all loans in

one instrument, was executed on March 24, 1964. The purpose of the loans was to aid the defendant's study of law at the University of Wisconsin Law School, from which he graduated in June, 1961. Following his graduation, he was admitted to practice law in the State of California in 1962, and admitted to practice law in the State of Wisconsin in February, 1963. In November, 1964, demand for payment of the loan was made, at which time the defendant alleges he was enrolled for an advance degree at the University of Wisconsin Law School. Defendant contends that he has not completed the college program for which the loan was granted, and that he has not ceased to be a resident of New York State and, therefore, he should not be required to commence repayment of the loan, particularly in respect to the rate of interest demanded by the plaintiff. Section 651 of the Education Law provides that the purpose of article 14 shall be "to improve the higher educational opportunities of persons who are residents of this state". Subdivision 2 of section 653-a of the Education Law provides that, when repayment of the loan commences, that interest on such loan shall be paid by the borrower up to a maximum of 3% per annum, except, that in case the borrower becomes a nonresident, any and all interest, accruing subsequent to the termination of the semester during which the borrower becomes a nonresident, shall be paid by the borrower. Subdivision 1 of section 653-b of the Education Law requires the borrower to commence repayment of the loan and interest thereon, upon the expiration of one year following the completion of the college program for which the loan was granted, or upon the expiration of three months after he becomes regularly employed, or upon expiration of six years from the granting of the loan, or upon the termination of a semester during which the borrower ceases to be a resident of the State of New York, whichever occurs first. This section also provides that a loan in the amount of $3,000 may not be required to be paid in full, earlier than within 8 years following completion or other termination of the college program. Issues of fact are presented as to whether or not the defendant has completed the college program for which the loan was made or has ceased to be a resident of the State of New York. These issues may not be resolved upon the facts set forth in the affidavits submitted on the motion and, therefore, must await the trial of the action. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur with Staley, Jr., J.